## Commonwealth v. Gabreski

*Samuel F. Bonavita, District Attorney,* for Commonwealth.
*Max Gabreski,* for defendant.

WOLFE, *P. J.,* September 16, 1975—This matter is before us on appeal following defendant's conviction for violation of section 1002(b)(6) and section 511(b) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 PS §§1002(b)(6) and 511(b).

On April 13, 1975 at 2:32 a.m. defendant was recorded on radar by the Pennsylvania State Police operating a vehicle 71 miles per hour in a 55-mile-per-hour speed zone with expired registration plates.

Defendant asks us to excuse him for violation of section 511(b) on the grounds he was unaware of

the expiration of the registration plates because he had only been operating it 15 to 20 minutes before his arrest, being requested to do so by the owner's son who had been operating it and was in the car with him. Section 511(b) puts the onus on the operator of the vehicle to have current registration plates and not upon the owner; nor is ignorance any excuse. In this respect The Vehicle Code is mandatory and lack of knowledge is no defense.

Defendant argues he should be exonerated on the speeding charge because the Commonwealth has not properly proved that the Model TR-6 Traffic Radar used by the radar operator on the night of the arrest was approved by the secretary. This argument is founded in the fact the Commonwealth did not have attached to a document entitled "CONTINUATION SHEET FOR FILING DOCUMENTS WITH THE LEGISLATIVE REFERENCE BUREAU," a certificate indicating the secretary approved Radar Model TR-6. Defendant argues, since the approval by the secretary is not separately attached to the continuation sheet, the Commonwealth has failed in this proof that it is of a type approved by the secretary under section 1002(d.1)(1)(i).

This argument was answered in Commonwealth v. Wahl, 73 Lack. Jur. 110 (1972), negating the necessity of a separate certification by the secretary provided the secretary's approval is properly published pursuant to the Commonwealth Documents Law of July 31, 1968, P.L. 769 (No. 240), art. I, sec. 101, 45 PS §1101. Section 604 provides:

"The contents of the code, of the permanent supplements thereto, and of the bulletin [Pennsylvania], shall be judicially noticed. Without prejudice to any other mode of citation the code and permanent supplements thereto may be cited by

title and section number, and the bulletin may be cited by volume and page number.": 45 PS §1604.

Pennsylvania Bulletin, volume 1, number 16, dated October 24, 1970, at page 425, reads the Secretary of Transportation caused to be published the regulations approving model TR-6 manufactured by Kustom Signals, Inc.

Thus, we are required to take judicial notice of the approval of the model described in the Bulletin and no separate certificate from the secretary is necessary to indicate his approval.

Although defendant did not contest the testimony of the arresting officer concerning his speed, we have no reason to discount it and we overrule the demurrer filed to the Commonwealth's case in chief at its close and enter the following

### ORDER

And now, September 16, 1975, the appeal of Brian J. Gabreski is dismissed.